# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:

04 10847 WGY

| | |
|---|---|
| **JEFFREY SMITH** ) | |
| **PLAINTIFF** ) | |
| vs. ) | MAGISTRATE JUDGE Cohen |
| ) | |
| **CRANBERRY PLAZA MOBIL, INC.** ) | RECEIPT # 55541 |
| ) | AMOUNT $150 |
| **Defendant** ) | SUMMONS ISSUED Yes |
| | LOCAL RULE 4.1 |
| | WAIVER FORM |
| | MCF ISSUED |
| **COMPLAINT** | BY DPTY. CLK. TOM |
| | DATE 4/28/04 |

## I. PRELIMINARY STATEMENT

1. This is an action seeking a temporary and permanent injunction and declaratory relief to remedy unlawful discrimination by the Defendant against the Plaintiff in the Defendant's place of public accommodation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("ADA"). The Plaintiff, Jeffery Smith, on his own behalf and on behalf of all those similarly situated, bring this cause of action against Cranberry Plaza Mobil, Inc. as a cause of action allege as follows:

## II. PARTIES

2. The Plaintiff Jeffery Smith is a resident of Massachusetts and is a qualified individual with disabilities within the meaning of all applicable statutes including the ADA and Massachusetts statutes.

3. The Plaintiff, Jeffrey Smith, has visited Cranberry Plaza Mobil, Inc., a place of public

    accommodation, located at 2900 Cranberry Highway, Wareham, Massachusetts and was unable to access and enjoy its goods and services.

4. The Defendant, Cranberry Plaza Mobil, Inc. is a Massachusetts Corporation with its principal place of business at 575 West Center Street, West Bridgewater, Massachusetts.

5. The Defendant, Cranberry Plaza Mobil, Inc. is a private entity that owns and operates Cranberry Plaza Mobil, located at 2900 Cranberry Highway, Wareham, Massachusetts, a place of public accommodation as defined in 42 U.S.C. § 12181, and an entity that is subject to the requirements of Title III of the ADA.

6. This case arises out of the Defendant's failure to remove architectural and communication barriers to access and unlawful practice of denying access to goods and services at its place of public accommodation to people with disabilities.

### III. JURISDICTION AND VENUE

7. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and § 1343 in that this is an action arising under the laws of the United States and the Defendant is subject to personal jurisdiction.

8. Venue is appropriate in this Court under 28 U.S.C. § 1391; the claim having arisen in the District of Massachusetts.

### IV. VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

9. All events giving rise to this lawsuit occurred in the Commonwealth of Massachusetts.

10. On or about July 26, 1990, Congress enacted the ADA, which is codified at 42 U.S.C. §12181 and 28 C.F.R. Part 36.

11. The Defendant has discriminated against the Plaintiff and continues to discriminate against the Plaintiff and others who are similarly situated by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Cranberry Plaza Mobil, Inc., as prohibited by 42 U.S.C. § 12181 *et seq.* by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv) and by failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible as required by 42 U.S.C. § 12183(a)(2).

12. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. Those regulations are codified at 28 C.F.R. Part 36.

13. Cranberry Plaza Mobil, Inc. is a place of public accommodation subject to the provisions of Title III of the ADA.

14. Within one year before the filing of this complaint, the Plaintiff, Jeffery Smith, who uses a wheelchair for mobility, visited Cranberry Plaza Mobil, Inc. on more than one occasion. He intends to return to this place of public accommodation when the barriers to access are removed. The Defendant stated that the barriers to access would be removed. See attached exhibit "A".

15. The Defendant has failed to remove barriers to access by persons with mobility disabilities at Cranberry Plaza Mobil, Inc. where such barrier removal is readily achievable.

16. The Defendant has failed to provide necessary auxiliary aids and services where provision of such auxiliary aids and services would not pose any undue economic or architectural burden.

17. The Defendant has failed to modify policies, practices and procedures at Cranberry Plaza

Mobil, Inc. where required to ensure equal access for persons with mobility disabilities.

18. The Defendant has from time to time altered Cranberry Plaza Mobil, Inc. without complying with access requirements mandated by Title III of the ADA.

19. Cranberry Plaza Mobil, Inc. lacks at least one accessible route complying with ADAAG 4.3 within the boundary of Cranberry Plaza Mobil, Inc. from public transportation stops and/or public streets or sidewalks to an accessible building entrance all as required by ADAAG 4.3.2.

20. The parking lot at Cranberry Plaza Mobil, Inc. lacks "van accessible" parking as required by ADAAG 4.1.2.(5)(b).

21. The handicapped parking spaces currently located at Cranberry Plaza Mobil Services, Inc. parking lot are not located on the shortest route of travel to an accessible entrance as required by ADAAG 4.6.2.

22. Cranberry Plaza Mobil, Inc. lacks an accessible entrance/exit as the doorway thresholds exceed 3/4" in violation of ADAAG 4.13.8.

23. There is no accessible route throughout Cranberry Plaza Mobil, Inc. as required by ADAAG 4.1.

24. Cranberry Plaza Mobil, Inc. lacks building signage as required by ADAAG 4.1 and 4.30.

25. Cranberry Plaza Mobil, Inc. lacks Grade II Brailled signage as required by ADAAG 4.30.4.

26. There are no accessible restrooms within Cranberry Plaza Mobil , Inc. as required by ADAAG 4.1, 4.16, 4.17, 4.22 and 4.23.

27. On information and belief, the Plaintiff alleges that there are other violations present at

4

Cranberry Plaza Mobil, Inc. that will be more fully alleged upon discovery and further inspection.

28. The Defendant has failed to make efforts required under the ADA to remove such barriers to the extent readily achievable nor has the Defendant complied with accessibility standards to the maximum extent feasible.

29. The Defendant has also, by maintaining such barriers, failed to comply with the ADA and access requirements for areas of new construction or alteration.

30. The actions and initiatives which the Defendant has failed to undertake in order to make Cranberry Plaza Mobil, Inc. accessible to persons with disabilities are actions and initiatives that would be readily achievable, required by law, and would greatly assist persons with disabilities at minimal expense to the Defendant.

31. The Defendant's conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, the Defendant will continue to violate the ADA. Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiffs have no adequate remedy at law.

32. The Plaintiff has retained the undersigned counsel to represent them in this case for injunctive relief and for the protection of their civil rights and the Plaintiff has agreed to pay their counsel reasonable attorneys' fees and the costs and expenses incurred in this action. The Plaintiff is entitled to recover reasonable attorneys' fees, costs and expenses from the Defendant pursuant to 42 U.S.C. § 12205.

33. Pursuant to 42 U.S.C. § 12188, this Court is authorized to grant the Plaintiff injunctive relief by ordering the Defendant to alter the subject facilities by removing architectural barriers to

access and use by individuals with mobility disabilities as required by the ADA; the Court is also authorized to close the subject facilities until the Defendant completes the required modifications and alterations.

**WHEREFORE**, the Plaintiff respectfully prays this Honorable Court:

a. Assume jurisdiction;

b. Issue a temporary and permanent injunction, as authorized by 42 U.S.C. § 12188(a)(2), enjoining the Defendant from continuing its unlawful discrimination against persons with disabilities;

c. Order the Defendant to alter the premises known as Cranberry Plaza Mobil, Inc. located at 2900 Cranberry Highway, Wareham, Massachusetts to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the Americans with Disabilities Act and 28 C.F.R. Part 36;

d. Award the Plaintiffs appropriate attorneys' fees, expert fees and costs of this suit as provided by 42 U.S.C. § 12205;

e. Award the Plaintiffs such other additional and proper relief as may be just and equitable.

Respectfully submitted,
Jeffery Smith

By his Attorney,

Edward N. Garno
13 Hurd Street
Lowell, Ma 01840
978-687-7805
#564378

ExxonMobil
Fuels Marketing Company
PMB #214
18 Washington Street
Canton, Ma 02021

# ExxonMobil
## Fuels Marketing

February 7, 2003

375 Common Street
Lawrence, Ma 01840

Dear Mr. Garno

As part of ExxonMobil's commitment to providing excellent service to all our customers, we have dedicated money and resources to ADA compliance. As you are aware, we have been in the process of completing ADA site surveys at all our stations.

We have received the survey for 2900 Cranberry Hwy, Wareham, MA and have completed a preliminary workscope for work to be done. The following is a list of items that will be addressed:

1.) Stripe a van accessible parking space and access aisle
2.) Install appropriate parking signs
3.) Install a new ramp adjacent to the parking access aisle
4.) Widen the sidewalk to the main entrance
5.) Remove merchandise and ice machine from the sidewalk
6.) Add a cane guide under the existing Pegasus disk
7.) Disable the exterior cash drawer
8.) Lower a portion of the existing transaction counter
9.) Remove the rug to create firmer floor surface
10.) Re-arrange the floor displays or remove items to clear the accessible route inside the store
11.) Lower the microwave on the self-service counter to be more readily accessible
12.) Install a wider restroom door with appropriate signs and door hardware
13.) Install longer grab bars, relocate lavatory and provide greater turning space in the restroom
14.) Relocate restroom accessories so that they will be easier to access and install a coat hook

We will finalize the workscope with our contractor and schedule construction, as soon as weather permits. In addition, if your client needs assistance at the pumps, please have them lift the dispenser nozzle, select the grade and wait 15 seconds, which should alert the sales associate that the customer requires assistance.

As always, feel free to contact me with any questions or concerns.

Sincerely,

Steve Lundgren
Field Retail Coordinator